UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-CJP <br><br> MDL No. 2100 <br><br> Judge David R. Herndon |
| *KENNA SMITH*, <br><br> Plaintiff <br> vs. <br><br> BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL. <br><br> Defendants. <br><br> AND RELATED CASES[1] | AMENDED ORDER APPROVING ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR <br><br> Civil Action No.: 3:12-cv-10580 |

**AMENDED ORDER
APPROVING QUALIFIED SETTLEMENT FUND AND
APPOINTING FUND ADMINISTRATOR**

The Court, having reviewed the Petition filed by The McEwen Law Firm, hereby orders as follows:

On June 25, 2012, this Court entered an Order, including a Statement of

---

[1] "Related cases" refers to both filed and unfiled cases of the McEwen Law Firm. The individuals who are eligible to receive distributions from the McEwen Law Firm Yasmin Qualified Settlement Fund are defined in ¶ C.1 of Exhibit 1 to the Court's June 25, 2012 Qualified Settlement Fund Order (Doc. 8-1).

Terms, to approve the establishment of the McEwen Law Firm Yasmin Qualified Settlement Fund ("Original Order").  The purpose of this Order is to amend the Original Order to replace the current Fund Administrator, appoint a Successor Fund Administrator, and install a mechanism by which a fund administrator can be replaced by the parties, subject to this Court's approval.  The parties to this action, McEwen and the Defendants, now wish to remove David M. Higgins as Fund Administrator.  The Original Order is silent on a procedure by which the Fund Administrator may be replaced where the Fund Administrator does not resign, but the parties nevertheless, wish for its removal and replacement.  Instead, it authorizes the Fund Administrator to resign in writing, with the Court appointing a Successor Fund Administrator, which accepts its appointment in writing to the Court.  Since the Court has continuing jurisdiction over the Fund, and the power to replace is a lesser power contained in this Court's power to appoint a Successor Fund Administrator, the Court finds the parties' Stipulated Motion well-taken and ORDERS that:

1. David M. Higgins is removed as the Fund Administrator of the McEwen Law Firm Yasmin Qualified Settlement Fund.
2. The Garretson Resolution Group, Inc. ("GRG"), is appointed the Successor Fund Administrator, and consistent with Paragraph E.5. of the Statement of Terms, attached to this Court's June 25, 2012 Order as Exhibit 1 (the "Additional Terms") (Doc. 8-1), GRG shall provide this Court with its written acceptance, the receipt for which

shall constitute the date by which this appointment becomes effective.

3. David M. Higgins shall provide the parties, this Court, and GRG with all documents relating to the Fund in his possession and a complete accounting of all items of income, receipts, disbursements, and credits within fifteen (15) calendar days of this Court's Order replacing the current Fund Administrator and appointing GRG as Successor Fund Administrator. GRG shall not be liable for any actions or omissions of the current Fund Administrator, David M. Higgins.

4. GRG, as Successor Fund Administrator, shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail, or other document believed by GRG to be genuine and sufficient, and upon any other evidence believed by GRG, in its reasonable judgment, to be genuine and sufficient, which may be provided to GRG by McEwen and/or the Defendants.

5. This Court retains the power to remove and replace any fund administrator, *sua sponte*, or upon written request by McEwen and the Defendants, with or without cause. The power to remove and replace is a lesser power within this Court's power to appoint a Successor Fund Administrator.

6. GRG, as Successor Fund Administrator, consistent with Paragraph

E.4. of the Additional Terms has the same powers, authorities and discretion as though originally named as the Administrator, and all parties dealing with GRG can rely on the same.

7. The Court retains continuing jurisdiction over The McEwen Law Firm Yasmin Qualified Settlement Fund and over its Successor Fund Administrator, GRG, and all matters related to the administration of the Fund, including the removal and replacement of Fund Administrator(s).

**SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.04.23 10:42:52 -05'00'

**Chief Judge**  
**United States District Court**

Date:  April 23, 2013